Paula Herzmark Executive Director Colorado Department of Local Affairs 1313 Sherman Street, Room 518 Denver, Colorado 80203
Dear Ms. Herzmark:
This opinion is in response to your May 16, 1980 letter, in which you inquired about the possibility of the Colorado Division of Housing being designated by the United States Department of Housing and Urban Development as a public housing agency for purposes of administering section 8 Housing Assistance Payments program — existing housing.
QUESTIONS PRESENTED AND CONCLUSIONS
Your request for an attorney general's opinion presents three questions:
1. Whether the Division of Housing satisfies the definition of a public housing agency found in the United States Housing Act of 1937, 42 U.S.C. § 1437a(6)?
 My conclusion is "yes." It is my opinion that the division, in view of the purposes for the creation of the division and its specified functions, satisfies the statutory definition of a public housing agency.
2. Whether the division is authorized to accept responsibility for the functions of a public housing agency as set forth in 24 C.F.R. 882.116 (1979)?
 My conclusion is "yes." It is my opinion that the division is empowered to accept responsibility for the functions required of a public housing agency.
3. Whether the division is permitted to enter into contracts necessary to the administration of the federal act?
 My conclusion is "yes." The division has the authority to enter into assistance payments contracts with landlords so long as those contracts further the purposes of the division.
ANALYSIS
1. Your inquiry to this office for an attorney general opinion was apparently prompted by the response you received from the United States Department of Housing and Urban Development (HUD) to your request that the division be designated a public housing agency (PHA). That response evidenced a need for an opinion as to (1) whether the division satisfied the definition of a PHA; (2) whether the division is authorized to function as a PHA; and (3) the areas in which the division is not precluded from participating in section 8 housing assistance payments contracts with landlords.
Both your request to HUD and HUD's response to you refer to section 8 Housing Assistance Payments program — existing housing. Section 8 refers to the program established by42 U.S.C. § 1437f. Under this program, the Secretary of HUD may enter into annual contributions contracts with public housing agencies and these agencies in turn may execute contracts to make assistance payments to owners of dwelling units. "Annual contributions contracts" are defined in HUD's regulations as:
 A written agreement between HUD and a PHA to provide annual contributions to the PHA to cover housing assistance payments and other expenses pursuant to the Act.
24 C.F.R. 882.102.
Title 42 C.F.R. 882.116, in defining the responsibilities of the PHA, describes the essence of the section 8 program. Owners of dwelling units may make the units available for rental under the program. Eligible families apply to the PHA for certificates of family participation. Based upon the satisfaction of specified criteria, the PHA either issues the certificate to the family or notifies the applicant that it is ineligible. If eligible, the family is given information concerning housing standards and inspections, landlord and tenant responsibilities, and program rules. After finding the housing unit it wishes to occupy, the family applies to the PHA for lease approval and the PHA is responsible for taking action on that request. The PHA determines how much rent will be paid by the tenant and how much will be paid by the federal government through housing assistance payments. The PHA makes the housing assistance payments. The PHA on occasion reviews the financial status of the family and its rental payment. Inspections of dwellings are conducted by the PHA to ensure that the units are decent, safe, and sanitary. Any eviction of the tenant by the owner must be authorized by the PHA. Finally, the PHA is responsible for the administration and enforcement of contracts with owners and for compliance with equal opportunity requirements.
The United States Housing Act of 1937 at 42 U.S.C. § 1437(a)(6) defines a "public housing agency" as:
 Any State, county, municipality, or other governmental entity or public body (or agency or instrumentality thereof) which is authorized to engage in or assist in the development or operation of low-income housing.
The Act also defines "development" and "operation." "Development" involves "any or all undertakings necessary for planning, land acquisition, demolition, construction, or equipment, in connection with a low-income housing project."42 U.S.C. § 1437a(3). "Operation" includes "any or all undertakings appropriate for management, operation, services, maintenance, security (including the cost of security personnel), or financing in connection with a low-income housing project."42 U.S.C. § 1437a(4).
The Colorado Housing Act of 1970, which created the Division of Housing, declared a need in Colorado for "additional adequate, safe, and sanitary new and rehabilitated dwelling units," and for "assistance to families in securing new or rehabilitated rental housing. . . ." C.R.S. 1973, 24-32-702(1). Clearly, the goals of the Act, as stated in this legislative finding, parallel the description of a PHA contained in 42 U.S.C. § 1437a(6) and the Division's functions, specified in C.R.S. 1973, 24-32-705, further those goals. For example, the division may "assist or engage in the development or operation of housing for low-income families," 42 U.S.C. § 1437a(6): (1) by encouraging agencies in the planning and construction of adequate new housing or in the rehabilitation of existing housing, C.R.S. 1973, 24-32-705(1)(a); (2) by assisting communities develop and operate local housing authorities, C.R.S. 1973, 24-32-705(1)(b), which in turn may act as agents for the federal government in the operation of a project, C.R.S. 1973, 29-4-209(1)(g); (3) by conducting research into new approaches for housing, C.R.S. 1973, 24-32-705(1)(e); and (4) by accepting and processing grants and services from the federal government and other sources and processing such grants and services for other public and private nonprofit agencies and corporations, C.R.S. 1973, 24-32-705(1)(i).
The purposes of the Colorado Division of Housing and its functions satisfy the definition of a PHA as set out in the applicable federal act.
2. The second question raised by your request for this opinion is whether the division is empowered to accept responsibilities for the functions required of a public housing agency.
Title 24 C.F.R. 882.116, supra, the regulation which lists PHAs' functions, does not specifically require a PHA to actually undertake those functions. The regulation states only that the PHA "shall be responsible" for the performance of them.Id.
Your request indicates that the division would function in an advisory and supervisory capacity with local housing authorities or local governments administering the details of this program. I am satisfied that such a role is sanctioned by 42 U.S.C. § 1437a(f) since the division would be "assisting" communities in the development and operation of housing for low-income families.
C.R.S. 1973, 24-32-705(1)(i), which authorizes the division to accept, receive and process federal grants and services, empowers the division to accept responsibility for supervising these activities and ensuring that they are performed.
I express no view as to whether or not Colorado law authorizes the division to actually perform the functions set forth in the federal regulations since the division does not contemplate performing those duties.
3. HUD expressed interest in knowing "those areas where the division is not explicitly barred from entering into section 8 housing assistance payments contracts with landlords." The answer to this inquiry is best stated conversely — the division may enter into these contracts, under its authority to process grants and services from the federal government, in any instance which furthers the goals and purposes of the division. As discussed earlier, those goals and purposes are broadly stated as filling a need for "new and rehabilitated dwelling units" and to assist "families in securing new or rehabilitated rental housing." C.R.S. 1973, 24-32-702.
The division's enabling legislation, C.R.S. 1973, 24-32-701
through 716 does not explicitly limit the geographical area in which the division may exercise its authority. The legislative declaration found in the Colorado Housing Act of 1970, C.R.S. 1973, 24-32-702, indicates the needs therein described exist statewide, suggesting that the division was created to function on a statewide basis. It is logical to assume that the division of a state department is authorized to act in all areas of the state.
SUMMARY
The Colorado Division of Housing qualifies as a public housing agency since it satisfies the statutory definition of a public housing agency. The division is empowered, under state law, to supervise and advise local housing authorities and local governments in administering the details of the section 8 Housing Assistance Payments program — existing housing; to that extent I conclude the division can assume the responsibilities of a public housing agency. It may enter into assistance payments contracts so long as those contracts further the goals of the division.
Very truly yours,
 J.D. MacFARLANE Attorney General
HOUSING, PUBLIC PUBLIC AGENCIES LANDLORD AND TENANT PUBLIC FUNDS
42 U.S.C. § 1437a(3), (4) and (6)42 U.S.C. § 1437f
C.R.S. 1973, 24-32-702
C.R.S. 1973, 24-32-705
C.R.S. 1973, 29-4-209
LOCAL AFFAIRS, DEPT. OF Housing, Div. of
The Colorado Division of Housing satisfies the statutory definition of a public housing agency (PHA) and is generally empowered under state law to assume the responsibilities of a PHA and to enter into assistance payments contracts. Thus it is eligible to be designated a PHA by HUD.